## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GRANT SCHERLING,<br><br>      *Plaintiff*,<br><br>  v.<br><br>CHUBB LTD. et al.,<br><br>      *Defendants*. | Civil Action No. 23-1303 (TJK) |

## <u>MEMORANDUM ORDER</u>

Plaintiff Grant Scherling, a Virginia resident, was involved in a car accident with Defendant Erik Dahms, another Virginia resident. Scherling's alleged injuries exceeded the limit of Dahms's liability policy. So Scherling submitted a claim for underinsured motorist coverage with his own insurance providers. After unsuccessful settlement negotiations, Scherling sued Dahms and the insurers in D.C. Superior Court.

The insurers removed the case to this Court and moved to dismiss. Scherling now moves to remand back to Superior Court, arguing that this Court lacks diversity jurisdiction because both he and Dahms are residents of the same state. He also maintains that removal was improper because Dahms did not consent to it. The insurers argue that the Court can ignore these apparent deficiencies because Dahms is only a "nominal" defendant. The Court disagrees. Dahms is a real and substantial party because he has hired his own attorney, filed an answer, and, most importantly, is contesting his liability in this case. For that reason, it lacks subject-matter jurisdiction, and so it will grant Scherling's motion and remand back to Superior Court.

I.    **Background**

In April 2019, Scherling (a Virginia resident) was involved in a car accident with Dahms (also a Virginia resident) on the 14th Street Bridge over the Potomac River, apparently within the District of Columbia. *See* Compl. ¶¶ 6, 7, 29–31, ECF No. 1-1. At that time, Dahms had an insurance policy with GEICO. *Id.* ¶ 36. GEICO offered to settle Scherling's claim against Dahms for the $30,000 limit of Dahms's liability policy. *Id.* ¶ 37. GEICO issued payment for that amount in April 2021. *Id.* ¶ 41. So later that same month, Scherling executed a Settlement Release, thereby immunizing Dahms from further liability. *Id.* ¶¶ 42–43; ECF No. 1-2 at 147–48.

For his part, Scherling was covered under insurance policies issued by Bankers Standard Insurance Company and Federal Insurance Company. Compl. ¶¶ 14–15. The Bankers Standard policy provided that it would pay bodily injury and property damages that an insured "is legally entitled to recover from the owner or operator of an 'uninsured [or underinsured] motor vehicle.'" ECF No. 1-2 at 80. The coverage limit under this policy was $500,000. *See id.* at 28. The Federal policy similarly provided that it would pay bodily injury and property damages that "a covered person is legally entitled to receive from the owner or operator of an uninsured or underinsured motorized land vehicle." *Id.* at 129. This policy's coverage limit was $1,000,000. *Id.*

After settling with Dahms and GEICO, Scherling submitted an underinsured motorist claim with his own insurance providers, Bankers Standard and Federal. *See* Compl. ¶ 47. He documented $132,967.99 in medical bills and $47,741.61 in lost wages. *Id.* The insurers offered to settle for $245,000. *Id.* ¶ 48. Scherling contends this offer was made without medical expert review of his complex spinal injuries. *Id.* ¶ 49. So after engaging in further settlement discussions, the insurers upped their offer to $350,000, and requested additional information from Scherling. *Id.* ¶¶ 50–51. In response, Scherling agreed to submit to a medical examination and then demanded arbitration. *Id.* ¶¶ 52–53. But Scherling alleges that the insurers never responded to him. *Id.* ¶ 54.

As a result, in April 2023, Scherling sued in D.C. Superior Court. His complaint advanced three counts: (1) breach of contract, (2) unfair claims practice in violation of Va. Code Ann. § 38.2-510, and (3) a direct action under Va. Code Ann. § 38.2-2206. *Id.* ¶¶ 57–74. He sued Dahms, Bankers Standard, Federal, and Chubb Ltd. *Id.* ¶¶ 7–10. Chubb is a Swiss corporation that owns subsidiaries, including Bankers Standard and Federal, that issue casualty insurance. *Id.* ¶ 8–10.

The Virginia statute under which Scherling brought the third count above requires him to sue Dahms (even though they have already settled) and seek a judgment against him, which Scherling's insurers would then pay. *See* Va. Code Ann. § 38.2-2206(M). Specifically, under the statute, after an injured party like Scherling sues the released underinsured motorist, the injured party serves the complaint upon his own insurer. That insurer may then "file pleadings and take other action allowable by law in the name of the owner or operator of the uninsured or underinsured motor vehicle or in its own name." *Id.* § 38.2-2206(F). The injured party seeks a judgment "in the name of" the released defendant motorist to establish the amount for which he is liable. *Id.* § 38.2-2206(M). And such a judgment is "enforceable against the . . . insurer." *Id.*

The insurers here, Bankers Standard and Federal, removed the case from Superior Court to this Court based on diversity jurisdiction. *See* ECF No. 1. The Notice of Removal explained that "Dahms is a nominal party to this action whose citizenship must be disregarded for" purposes of determining diversity jurisdiction. *Id.* ¶ 9. Dahms did not join the Notice of Removal.[1] *See id.* at 1, 7. Bankers Standard and Federal then moved to dismiss. *See* ECF No. 10. Scherling challenged the propriety of the removal and moved to remand back to Superior Court. *See* ECF No. 12.

## II. Legal Standards

"A civil action filed in state court may only be removed to a United States district court if

---

[1] Neither did Chubb, but Chubb was not served until some months later. *See* ECF No. 23.

the case could originally have been brought in federal court." *Nat'l Consumers League v. Flowers Bakeries, LLC*, 36 F. Supp. 3d 26, 30 (D.D.C. 2014) (citing 28 U.S.C. § 1441(a)). "A federal court has diversity jurisdiction when (1) there is complete diversity of citizenship among the parties (that is, no plaintiff is a citizen of the same state as any defendant) and (2) the 'amount in controversy' is greater than $75,000." *Witte v. Gen. Nutrition Corp.*, 104 F. Supp. 3d 1, 4 (D.D.C. 2015) (citing 28 U.S.C. § 1332(a)). "Where the district court's jurisdiction is dependent solely on the basis of diversity of citizenship between the parties, there must be 'complete diversity,' meaning that no plaintiff may have the same citizenship as any defendant." *Busby v. Capital One, N.A.*, 932 F. Supp. 2d 114, 130 (D.D.C. 2013) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373–74 (1978)). However, courts "must disregard" defendants deemed to be merely "nominal or formal." *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980). Rather, in determining whether diversity jurisdiction exists, courts must only consider "real and substantial parties to the controversy." *Id.* at 460. And "[p]arties are not 'real' when they . . . have no 'control of, impact on, or stake in the controversy.'" *Busby*, 932 F. Supp. 2d at 130 (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 92 (2005)).

A "case shall be remanded" if the district court lacks subject-matter jurisdiction. 28 U.S.C. § 1447(c). On a motion to remand, "the burden is on the removing defendants to show that federal jurisdiction exists and that the motion for remand should be denied." *In re Tobacco/Gov'tal Health Care Costs Litig.*, 100 F. Supp. 2d 31, 35 (D.D.C. 2000). "Because of the significant federalism concerns involved, this Court strictly construes the scope of its removal jurisdiction." *Downey v. Ambassador Dev., LLC*, 568 F. Supp. 2d 28, 30 (D.D.C. 2008). "Accordingly, 'if federal jurisdiction is doubtful, a remand to state court is necessary.'" *Id.* (quoting *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 815–16 (4th Cir. 2004) (en banc)). In other words, "the court must resolve any

4

ambiguities concerning the propriety of removal in favor of remand." *Johnson-Brown v. 2200 M Street LLC*, 257 F. Supp. 2d 175, 177 (D.D.C. 2003).

## III.  Analysis

Scherling and Dahms are both citizens of Virginia, which would ordinarily preclude the Court's exercise of federal diversity jurisdiction and require it to remand the case back to Superior Court.  Bankers Standard and Federal argue that Dahms is a nominal party only and should be disregarded for diversity purposes.  Thus, the Court's jurisdiction, and the propriety of remand, turn on whether Dahms is a real party in interest or merely a nominal one.  For the below reasons, the Court agrees with Scherling that Dahms is a real party, and so remand is warranted.

To determine whether a party is "real" or merely "nominal," courts have considered several factors.  Those factors have included:

> (1) the level of control that the party retains over the litigation,
> (2) the weightiness of the party's interest in the litigation,
> (3) whether the party has retained counsel, and
> (4) whether the party has given a statement or a deposition.

*Owens v. Overstreet*, No. 10-cv-784 (DAF), 2010 WL 4721709, at *3 (S.D. W. Va. Nov. 15, 2010). The first factor "can be evidenced by the party's appearance in the proceedings." *Id.*  And the second, "[p]erhaps most important[]" factor, "often consider[s] the likelihood that the party will incur financial liability as a result of later proceedings." *Id.*  Although case law on this issue is sparse in this Circuit, these factors track how the Court of Appeals has approached such questions. For example, in a suit brought "in the name of" the District of Columbia, it found the District of Columbia a nominal party because it had "no pecuniary interest" in the matter, was not involved in the suit's prosecution, and was "protected from liability of [the suit's] costs or results." *D.C. ex rel. Am. Combustion, Inc. v. Transamerica Ins. Co.*, 797 F.2d 1041, 1047 (D.C. Cir. 1986).

These factors, on balance, weigh against treating Dahms as merely a nominal party.  The

first and third factors support finding him a real party in interest.  Dahms has appeared through retained counsel and filed an answer in the Superior Court action.  *See* ECF No. 1-3 at 15–19.  His counsel has also appeared in this federal proceeding.  *See* ECF No. 8, ECF No. 14.  The fourth factor also supports finding him a real party.  *See Spencer v. Harris*, 394 F. Supp. 2d 840, 845 (S.D. W. Va. 2005) (finding defendant not nominal where defendant testified that he was not at fault).  Although Dahms has not yet been deposed, he denied liability in his answer.  *See, e.g.*, ECF No. 1-3 at 16 ("[Dahms] specifically denies all liability and damages."); *id.* at 15 (alleging that Scherling "was contributorily negligent").  Finally, the second factor—the weightiness of Dahms's interest in the litigation—cuts the other way, although not entirely.  Scherling has immunized Dahms from further liability, so he will not need to pay any judgment that results from this litigation.  *See* Compl. ¶ 43; ECF No. 1-2 at 147–48.  On the other hand, downstream consequences, such as higher insurance premiums, may follow from an adverse judgment against him.  *See, e.g.*, *Owens*, 2010 WL 4721709, at *4 ("[Defendant] might be found to be a reckless driver as a result of a trial, in which case [he] may have a much harder time obtaining a driver's license in the future and might have to pay more for insurance coverage.").  On balance, largely because he has entered an appearance, retained counsel, and filed an answer denying liability, the Court finds that Dahms is a "real and substantial part[y] to the controversy."  *Navarro*, 446 U.S. at 461.

Bankers Standard and Federal resist this conclusion by emphasizing that Scherling has immunized Dahms.  No doubt, that is the most favorable fact in their corner.  But the way the Virginia statue at issue works, it makes sense that Scherling would do so.  Actions under that statute are only brought "in the name of" the released motorist to seek a judgment that is not enforceable against him.  *See* Va. Code Ann. § 38.2-2206(M).  Thus, in such actions, underinsured motorists are generally "named only as a means to a more substantial end," namely, "to trigger [the insurer's]

inchoate obligation to pay on its uninsured motorist coverage." *Kidd v. Gilfilen*, 170 F. Supp. 2d 649, 652 (S.D. W. Va. 2001) (deeming motorist defendant "merely a nominal party"). Yet none of that is "to say . . . that [Dahms] has no interest whatsoever." *Owens*, 2010 WL 4721709, at *4. As Scherling correctly notes, "[a]ny competent adult who has filled out an application for automobile insurance understands that prior claims where the insured was deemed to be the at fault motorist results in higher insurance premiums." ECF No. 18 at 7. Even so, the Court agrees that, without more, Dahms' limited financial stake in this case would not likely support finding him a real party in interest. *Cf. Transamerica*, 797 F.2d at 1047 (holding that, although the District of Columbia indirectly benefitted from "the lower construction costs made possible by Little Miller Act guarantees of payment," it still had "no pecuniary interest" in the lawsuit). Several courts have found that an indirect and speculative financial stake is not enough, on its own, to make a defendant a real party.[2]

The problem for Bankers Standard and Federal is that the Court must weigh other factors as well, as described above. Indeed, "[d]etermining nominal party status is a practical inquiry, focused on the particular facts and circumstances of a case." *Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co.*, 736 F.3d 255, 260 (4th Cir. 2013). In this case, Scherling must prove liability before he can recover damages, no matter who pays them. *Cf. Stewart v. Jennings*, No. 10-cv-158 (CLC), 2010 WL 3009536, at *3 (E.D. Tenn. July 28, 2010) ("Jennings, although not personally liable for

---

[2] *See e.g.*, *Owens*, 2010 WL 4721709, at *4 (noting that the possibility of "pay[ing] more for insurance coverage" is "too speculative to make Defendant a real party"); *Cesil v. Liberty Mut. Fire Ins. Co.*, No. 20-cv-8-M (REM), 2020 WL 2128636, at *3 (E.D.N.C. May 5, 2020) ("Plaintiff's speculation that the outcome of her lawsuit could lead to a change in or impact [the defendant's] insurance premiums is insufficient to render [the defendant] a real party to the controversy." (cleaned up)); *Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co.*, 736 F.3d 255, 261 (4th Cir. 2013) (holding that the defendant did "not possess a sufficient stake . . . to rise above the status of a nominal party" even though its "future coverage limits" could be affected).

the debt, is more than a nominal or formal party in this action.  His alleged faulty construction work is the central issue of the litigation and establishing his liability is necessary for Plaintiff to recover from Owners.").  And here, Dahms has appeared, hired a lawyer, and filed an answer denying liability—whether to avoid higher insurance premiums or simply because he wants to clear his name of wrongdoing.  Under these circumstances, the Court can hardly say that his presence is merely nominal.  Indeed, the relevant statute explicitly contemplates that a defendant-motorist may wish to vindicate his own interests in a case like this one.  *See* Va. Code Ann. § 38.2-2206(F) ("Nothing in this subsection shall prevent the owner or operator of the uninsured motor vehicle from employing counsel of his own choice and taking any action in his own interest in connection with the proceeding.").

Whether a purportedly nominal defendant has contested liability has mattered to other courts as well.  In *Spencer*, for example, the defendant-motorist (unlike Dahms) had not entered an appearance or hired an attorney.  394 F. Supp. 2d at 845.  But the simple fact that he denied fault in his deposition contributed to the court's determination that he was a real party in interest. *See id.*  Moreover, liability has even mattered where, as here, the defendant had no direct financial stake in the case.  In *Monroe v. Continental Tire the Americas LLC*, the plaintiff sued a "discharged debtor under a state statute in order to collect against the discharged debtor's insurer."  807 F. Supp. 2d 1129, 1132 (M.D. Fla. 2011).  The debtor, in other words, would not pay on any judgment.  But because the plaintiffs were required "to establish [the debtor's] liability and obtain a judgment against [the debtor] *prior to* collecting a judgment against [the insurer]," the court considered the debtor indispensable, and not nominal.  *Id.* at 1133–34 (emphasis added).  So too here.

For these reasons, while Dahms's financial stake in this case is minimal—although not nothing—the combination of other factors is enough to make him a real party in interest.  Thus,

the Court cannot ignore him to determine whether it has diversity jurisdiction.  And without complete diversity, the Court lacks jurisdiction, and must remand the case to Superior Court.  *See* 28 U.S.C. § 1447(c).[3]

## IV.   Conclusion and Order

For all the above reasons, it is hereby **ORDERED** that Plaintiff's Motion to Remand, ECF No. 12, is **GRANTED**.  It is further **ORDERED** that this case is **REMANDED** to the Superior Court of the District of Columbia.  The Clerk of Court is directed to close the case.

**SO ORDERED.**

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: March 21, 2024

---

[3] Removal was also improper for another reason.  Specifically, "[w]here there are multiple defendants, removal requires the unanimous and unambiguous consent of all served defendants." *Ballard v. District of Columbia*, 813 F. Supp. 2d 34, 37 (D.D.C. 2011) (cleaned up).  "Unless all defendants express such consent to removal in a timely manner [within 30 days], the removal procedure is defective." *Williams v. Howard Univ.*, 984 F. Supp. 27, 29 (D.D.C. 1997).  That requirement was not satisfied here because Dahms did not consent to removal.  There is an exception to this requirement "where a defendant is merely a nominal or formal party–defendant." *Kopff v. World Research Group, LLC*, 298 F. Supp. 2d 50, 54 (D.D.C. 2003).  But because Dahms is not a nominal party, that exception does not apply.